# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts  The Superior Court |
|---|---|---|
| PLAINTIFF(S): Christine Lu  ADDRESS: 24 Hancock St., Apt. 6  Boston, MA 02114 | | COUNTY: Suffolk  DEFENDANT(S): JP Morgan Chase (d/b/a Chase Bank) |
| ATTORNEY: Nicholas J. Rosenberg  ADDRESS: Gardner & Rosenberg PC  One State Street, Fourth Floor  Boston, MA 02109  BBO: 657887 | | ADDRESS: 270 Park Avenue  New York, NY 10017 |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BE1 | Business Tort | F | [X] YES  [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................... $_____
2. Total doctor expenses ...................... $_____
3. Total chiropractic expenses ................ $_____
4. Total physical therapy expenses ............ $_____
5. Total other expenses (describe below) ...... $_____
   Subtotal (A): $_____

B. Documented lost wages and compensation to date ........... $_____
C. Documented property damages to date .................... $_____
D. Reasonably anticipated future medical and hospital expenses ... $_____
E. Reasonably anticipated lost wages ....................... $_____
F. Other documented items of damages (describe below) ....... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Breach of fiduciary duty/negligence by bank.

TOTAL (A-F): $180,000

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X _[signature]_    Date: 7/31/2019

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _[signature]_    Date: 7/31/2019

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                 SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

CIVIL ACTION NO.

| | |
|---|---|
| CHRISTINE LU, | ) |
|     Plaintiff, | ) |
| v. | ) |
| JP MORGAN CHASE (d/b/a CHASE BANK), | ) |
|     Defendant. | ) |

# COMPLAINT

Christine Lu ("Lu") brings this complaint to hold JP Morgan Chase, d/b/a Chase Bank ("Chase") liable for Lu's loss of $180,000 in a wire scam enabled by defendant's negligence and breaches of fiduciary duty, and alleges as follows:

## PARTIES

1. Christine Lu resides in Boston, Massachusetts.

2. Defendant Chase is a bank corporation with a principal office in New York, New York.

## JURISDICTION AND VENUE

3. Jurisdiction is proper because Chase regularly transacts business in the Commonwealth.

4. Venue is proper because the plaintiff resides in Suffolk County, Massachusetts

## FACTS

5. Lu was the victim of a "phishing" scam.

6. On February 28, 2019, Lu received a phone call from an individual purporting to be from the Massachusetts State Police.

7. Through a series of calls and threats and intimidation of legal hardship and security risk, individuals involved in the scheme convinced Lu to make a series of wire transfers between February 28, 2019, and March 5, 2019 from her Bank of America ("BofA") account into five Chase Bank accounts, totaling $180,000.

8. Specifically, the following transfers were made from Lu's BofA account to the accounts at Chase:

   i. a transfer of $35,000.00 to Chase Account No. 380820008 (in the name of Maria Valentina Ferrer Carache) on February 28, 2019;

   ii. a transfer of $35,000.00 to Chase Account No. 380821261 (in the name of Ana Maria Caicedo Perez) on February 28, 2019;

   iii. a transfer of $30,000.00 to Chase Account No. 380237286 (in the name of Alexis Javier Manzanilla Mendoza) on March 1, 2019;

   iv. a transfer of $40,000.00 to Chase Account No. 380973708 (in the name of Andres Jesus Villavicencio Olivares) on March 4, 2019; and

   v. a transfer of $40,000.00 to Chase Account No. 381885927 (in the name of Santiago Pardo) on March 5, 2019.

9. On March 8, 2019, Lu learned that all the representations made by the callers were fraudulent.

10. Immediately after realizing she was the victim of fraud, Lu contacted both her bank and the recipient bank, Chase, in order to return the funds to her account.

11. Lu also contacted law enforcement to report these crimes.

12. On May 2, 2019, Boston Police Detective Michael Nucci was issued a search warrant ordering Chase to freeze any and all funds up to the amount transferred by Lu into the five accounts.

13. The search warrants also ordered Chase to provide to Detective Nucci any and all records associated with those five accounts, including account opening documents, account statements, and other relevant records.

14. On May 7, 2019, Chase provided Detective Nucci with the requested records.

15. Prior to the search warrants being issued, Chase froze $35,145.00 from Account Number 380821261 (in the name of Ana Maria Caicedo Perez).

16. The funds in the remaining accounts to which Lu made transfers had been fully withdrawn, most within a few days of receipt of the funds.

17. On June 10, 2019, Chase issued a check to Detective Nucci in the amount of $35,145.00, representing all of the funds transferred by Lu into Account Number 380821261.

### *Fraudulent Account Activity Allowed by Chase*

18. Chase Account Number 380821261 was opened at a Chase branch in Florida by Ana Maria Perez, a citizen of Colombia who listed her home address as an apartment in Miami, Florida.

19. The account was opened on February 28, 2019, with an initial deposit of $500.

20. Ms. Perez made three withdrawals from the account totaling $340.

3

21. On March 1, 2019, Ms. Perez's account received a wire transfer from Lu in the amount of $35,000.

22. After Chase's wire transfer fee of $15, the balance was then $35,145.

23. Chase froze the $35,145 balance in Ms. Perez's account because it deemed the transfer and/or account suspicious.

24. Chase Account Number 380237286 was opened at a Chase branch in Florida by Alexis Javier Manzanilla Mendoza, a citizen of Venezuela, on February 26, 2019, with an initial deposit of $150.

25. On March 1, 2019, the account received a wire transfer from Lu in the amount of $30,000 and on the same day, Mr. Mendoza ordered three cashier's checks, in the amounts of $20,000, $4,000, and $5,000, and made an ATM withdrawal in the amount of $1,000, depleting the account.

26. Chase Account Number 380973708 was opened at a Chase branch in Florida on February 28, 2019, by Andres Jesus Villavicencio Olivares, a Venezuelan citizen, with an initial deposit of $100.

27. On March 4, 2019, the account received a wire transfer from Lu in the amount of $40,000.

28. On the same day, the entire $40,000 from Lu was withdrawn in the form of bank checks made payable to seven different individuals or entities and an ATM withdrawal of $2,000, bringing the account balance to zero.

29. Chase Account Number 380820008 was opened at a Chase branch on Florida on February 28, 2019, by Maria Valentina Ferrer Carache, a citizen of Venezuela, with a deposit of $100.

30.   On the same day the account was opened, Ms. Carache had $35,000 wired into her account from Lu.

31.   Also that day, Ms. Carache withdrew $15,343 in the form of a $9,900 bank check made payable to R. Shanjani, a cash withdrawal of $5,000, and two ATM withdrawals.

32.   The following day, March 1, 2019, the account was used to pay two Capital One credit cards, one in the name of "Coolsangie" and the other in the name of "Godoy Alfredo."

33.   Despite Lu's notice to Chase on March 8, 2019, that the recipient bank accounts were fraudulent, on March 11, 2019, a check dated March 4, 2019, in the amount of $17,757 cleared the account, bringing the account balance to zero.

34.   Chase Bank Account Number 381885927 was opened by Santiago Pardo with a deposit of $25 at a Chase branch in Queens, New York, on March 4, 2019.

35.   On March 5, 2019, Lu wire transferred $40,000 to Mr. Pardo's account.

36.   By March 6, 2019, Mr. Pardo had ordered bank checks for five individuals and entities in amounts up to $15,000 and had drained the account of all but $1.

37.   Each of the five fraudulent accounts at Chase was opened between just one and four days prior to receiving the transfers from Lu.

38.   Each account was opened with a relatively small amount of money, ranging from $25 to $500.

39.   The only funds deposited into four of the five accounts were the minimal initial deposits and the larger wire transfers from Lu.

40.   Only one account received other deposits; Mr. Olivares' account had two deposits totaling $120 to cover bank fees.

41.   No other deposits or transfers were made into any of the five accounts.

5

42. Within just a few days of Lu's transfers into four of the accounts, all of the funds were withdrawn by the respective account holders, almost entirely in the form of numerous bank checks, made payable to 19 individuals and entities.

43. The only funds not immediately withdrawn were those in Account Numbers 380821261 and 380820008.

44. Upon information and belief, on or before March 5, 2019, Chase put a temporary hold on two of the wire transfers because it deemed the accounts suspicious.

45. On March 5, 2019, Lu requested that those two transfers be recalled.

46. Chase thereafter allowed the wire transfers to be processed.

47. Chase failed to perform even the most cursory review of the individuals opening the accounts, as such a review would have revealed that the account was to be used to perpetuate a fraud.

48. Chase willfully ignored the most basic safeguards, allowing the use of five Chase accounts for a fraudulent wire scheme.

49. Chase failed to implement commercially reasonable account owner verification, fraud alerts and/or safeguards to prevent the common and well-known wire scheme employed here.

## COUNT I – BREACH OF FIDUCIARY DUTY/NEGLIGENCE

50. Lu repeats all of the foregoing allegations as if fully set forth herein.

51. Chase had a duty to take reasonable precautions to prevent use of its bank and accounts to perpetrate a wire fraud. Chase further had a duty to prohibit the establishment of fraudulent and/or deceptive accounts at its bank.

52. Chase permitted five fictitious account holders to establish accounts for the purpose of committing a fraud upon Lu and possibly others.

53. Chase's breach resulted in direct and substantial harm to Lu.

## COUNT II – LIABILITY PURSUANT TO M.G.L. C.106A-§4A-202

54. Lu repeats all of the foregoing allegations as if fully set forth herein.

55. Pursuant to M.G.L. c. 106, § 4A-202(b), the wire payment orders at issue were only effective if, among other things, "(i) the [bank's] security procedure is a commercially reasonable method of providing security against an unauthorized payment order, and (ii) the bank proves that it accepted the payment order in good faith and in compliance with the security procedure…"

56. Chase lacked commercially reasonable security procedures and could not have accepted the wire order in good faith given their utter failures to detect and prevent fraud.

57. The wire orders were not effective and Chase is required to reverse or refund to Lu the amounts of the transfers.

## COUNT III – LIABILITY PURSUANT TO M.G.L. C.106 §4-303

58. Lu repeats all of the foregoing allegations as if fully set forth herein.

59. Pursuant to M.G.L. c. 106, § 4-303, Chase had notice to stop the incoming wire transfers into the accounts and/or stop payment on the checks and withdrawals from the accounts and reasonable time to do so.

60. Chase, detecting suspicious activity relating to Account Number 380821261 (in the name of Ana Maria Perez), froze its $35,145 balance shortly after the March 1, 2019, transfer and similarly, placed a hold on Account Number 380820008 (in the name of Maria Valentina

Ferrer Carache) and a check of $17,757 from this account. Yet Chase failed to investigate other accounts receiving similar wire transfers from Lu during the same week.

61. Upon information and belief, on or before March 5, 2019, Chase had put a temporary hold on wire transfers from Lu's account into two Chase accounts.

62. Lu requested on March 5, 2019, that those two wire transfers be recalled.

63. On March 8, 2019, Chase was notified by Lu directly that the Chase accounts, to which the wire transfers were sent, were fraudulent.

64. On March 8, 2019, BofA recalled all wire transfers as these were fraudulent.

65. Despite its temporary hold and notice of fraud, and despite have reasonable time to stop payment, Chase thereafter failed to do so, thereafter processing the incoming wire transfers and allowing withdrawals from the five accounts.

66. Chase's failure resulted in Lu's loss of substantial funds and constitutes a violation of Section 4-303 of Chapter 106.

## PRAYER FOR RELIEF

WHEREFORE, Lu demands the following relief:

(a) Judgment in her favor on all counts;

(b) An award of damages in an amount to be determined at trial;

(c) An order declaring the transfers void and compelling Chase to reverse or refund the amount of the wire transfers pursuant to M.G.L. c. 106A, §4A-202, and §4-303; and

(d) Award such other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

CHRISTINE LU,

By her Attorneys,

/s/ Nicholas J. Rosenberg

Nicholas J. Rosenberg (BBO No. 657887)
Josh Gardner (BBO No. 657347)
Jessica S. Berk (BBO No. 663527)
GARDNER & ROSENBERG P.C.
One State Street, Fourth Floor
Boston, MA 02109
Tel: 617-390-7570
nick@gardnerrosenberg.com

Dated: July 31, 2019

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV02446

_Christine Lu_, PLAINTIFF(S),

v.

_JP Morgan Chase (d/b/a Chase Bank)_, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _JP Morgan Chase (d/b/a Chase Bank)_. (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original response** with the Clerk's Office for Civil Business, _Suffolk Sup._ Court, _3 Pemberton Square, Boston, MA 02108_ (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Gardner & Rosenberg PC, One State St., Boston, MA 02109_.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___July 31___, 20_19_.

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the



Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

August 13, 2019

I hereby certify and return that on 8/8/2019 at 9:10 AM I served a true and attested copy of the Summons, Complaint and Cover Sheet, Request for Production of Documents in this action in the following manner: To wit, by delivering in hand to Gail Brown, Process Clerk, agent and person in charge at the time of service for JP Morgan Chase d/b/a Chase Bank, at CT Corporation System 155 Federal Street Suite 700 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($1.00) Total: $37.00

Deputy Sheriff    Joseph Casey

Joseph P Casey
Deputy Sheriff